UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RYAN THOMAS GREEN,

     Petitioner,

v.                                          Case No. 3:25cv2628-TKW-HTC

STATE OF FLORIDA,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner, Ryan Thomas Green, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254. Doc. 1. For the reasons set forth below, this case should be dismissed for failure to prosecute and to comply with orders of the Court.

On December 23, 2025, the Court ordered Green to *either* pay the filing fee or file a complete *in forma pauperis* motion by January 21, 2026. Doc. 4. The Court warned Green his failure to comply with its order could result in a recommendation of dismissal. *Id.* at 2. Green did not timely comply with the December 23 order. On January 29, 2026, the Court gave Green fourteen (14) days to show cause why this case should not be dismissed due to his failure to comply with the Court's December 23 Order. Doc. 5. Green has not responded to the December 23 or January 29 Orders in any way.

Thus, the undersigned recommends Green's case be dismissed without prejudice for failure to prosecute and failure to comply with orders of the Court. A district court may dismiss a petitioner's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b)[1] or the court's inherent authority to manage its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

---

[1] The Federal Rules of Civil Procedure apply to this habeas action. Rules Governing § 2254 Cases, Rule 12 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

Accordingly, it is respectfully RECOMMENDED that:

1.      This case be DISMISSED without prejudice for Green's failure to prosecute and to comply with Court orders.

2.      A certificate of appealability be DENIED.

3.      The clerk be directed to close the file.

At Pensacola, Florida, this 19th day of February, 2026.

*s/ Hope Thai Cannon*

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen days** of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:25cv2628-TKW-HTC